Judge Owsley
delivered the opinion.
Oo the first day of the December county court of Livingston county, was made the following trder: — u0n motion of Robert Pollard by his attorney, it is ordered that he have a ferry established across the Ohio river, from his lands in this county, below’ the mouth of Givens’ creek,” &c.
On Tuesday, the second day of the court, the Givens’ caused to be entered on iecord the following exceptions, namely: — Joseph and Dixen Givens except to the opinion of the court establishing ⅜ ferry,
1. Because the motion was made to the court without notice.
2. Because it did not appear that George JDorriss was the attorney in fact or agent of Pollard.
3. Because the court awarded said ferry without the applicant exhibiting any title papers.
4. Because the establishment of said ferry was urged by the Givens’ to be within less than one mile of their ferry below, which was not denied by said Pollard’s attorney; and the said Givens also slated that they owned the land beach in the river opposite Pollard’s land, which was not denied by said Pollard’s attorney.
'Io reverse the order establishing the ferry, the Givens’ brought this writ of error; and for the purpose of shewing themselves agrieved by the order, in their assignment of errors, aver, that the ferry established by the order, is within less than a mile of their ferry previously established on the Ohio.
Amotion was made by the counsel for Pollard, to quash Ílie writ of error, oo the ground, that the ferry of the Givens’, within a mile of Pollard, does not give to them such an interest as will authorise ihem to prosecute a writ ef error to the order establishing Pollard’s ferry.
This court arc of opinion, the motion to quash the writ *321 of error, cannot fee sastained. The law authorising county courts to establish ferries across the Ohio, expressly interdicts the establishment of any ferry within a mile of any other ferry previously established across the Ohio, unless it be in a town, or where it shall be made necessary by the putting into the river of some impassable creek, or opposite to some established ferry in the state of Ohio. By thus restricting the county courts in establishing ferries, the legislature must ha^e intended to protect the interest of those having ferries established, and is equivalent to a legislative regulation of that interest extending one mile from the ferry established. Having recognized the interest, therefore, the law must be supposed to furnish the means of protecting it; and to that end, we apprehend, the Givens5 in the averment of thedr having previously had a ferry established within a mile of Pollard’s, should be allowed to prosecute the writ of error to the order of establishment.
A new ferry cannoi be established a* cross the Ohio within a mi¡e of a former terry, un less it be in a town, or unless between the two there intervenes an impassable creek, or it be opposite to a ferry established on the other shore.
Notice of an application for a ferry is only ,e-C'-ssarj to be uiv’nto'hose who have s- ' ablished ferries within a mile.
But admitting that the Givens’ may prosecute the writ, it is necessary we should examine the errors assigned by them, and relied on for a reversal of the order.
Those errors are, 1st, that the record does not shew a case which gave the county court jurisdieiion.
2. The record does not state the premises to warrant the granting said ferry to poilard
3. The court erred, for the reasons set forth in the bill of exceptions.
4. Upon the face of the record, the proceedings are defective, and erroneous, &c.
Unless something fatal to the proceedings is found in the exceptions alluded to in the third assignment of errors, it is evident, the order establishing the terry must be affirmed. For each assignment of errors, except the third, is hypothecated on the insufficiency of the order of establishment; but we have been totally unable to perceive any solid exceptions, ttf which the order is liable. The order purports to establish the ferry across the Ohio from the lands of"Poilard, and the act of 1806. (3 Littell, 361,) expressly gives to county courts, jurisdiction in such a case.
And with respect to the exceptions alluded to in the third assignment of errors, nothing is perceived which can authorize the reversal of the order
It is true, as is suggested in the first ground assigned in the exceptions, no notice appears to have been given to the *322 Givens’, of the application for the establishment of the *err.' > but it is equally true, the record contains no evidence of the Givens’ having previously had a ferrv estab. Jisbed; and if they had no ferrv, notice to them, was al'o-gether unnecessary. In the fourth ground taken in the exceptions, it is suggested, that the Givens’ urged, on the application by Pollard, that they bad a ferry within a mile of that of Pollard, and that it was not denied by the attorney of Pollard; but the circumstance of the Givens’ having made that suggestion, is not conclusive to shew they had a ferry within a mile; and the failure of the attorney to deny it, is no evidence of the fact suggested. In thtir assignment of errors, the Givens’ have averred the fact of their having a ferry within a mile of Pollard’s; but that averment forms no part of the record of the county court, and it is to questions of law apparent on the face of the record of that court, the appellate jurisdiction of this court, can a-loue be exercised. Neither the first or fourth ground of exceptions can therefore be sustained.
^Application may be made by an attor-neyatlaw, as tor’* Tn^e-t 1 y *
Actual pos-lands*0i °f absence of all other proof, will justify the establish-mentofafer-ry.
Crittenden & Bibb for plaintiffs, Hardin ⅜ Haggin for defendant in error.
The second ground of exceptions, we also think, cannot be sutained; for that is taken on the supposition that no f’61’5011 but *be agent, or attorney in fact of Pollard, could apply to the court for an order establishing the ferrv; whereas, we apprehend, the application might, in strict propriety, be made bv an attorney at law.
Nor do we suppose the failure of Pollard to produce, on the application to the court, his title papers to the land ^rom "bieh lhe forry *s established, as suggested in the fourth ground of exception, can be fatal to the order. Pollard may have been in possession of the land, and evidence 0f (bat fact, in the absence of all other proof, would ¡us- . - . . , , 1 , ■ ’ . J . “le co,lrt ln presuming the land tobe his.
The order establishing the ferry, must be affirmed vvitk cost.